UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20394-CR-BLOOM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EDILBERTO GARCIA IBARBO,
JOSE RICARDO LERME SINISTERRA
JUAN CARLOS SILVA RIASCOS, and
VICTOR GUSTAVO GONZALEZ SOSA,

        Defendants.

_____/

## ORDER ON MOTION TO DISMISS INDICTMENT

**THIS CAUSE** is before the Court upon *pro se* Defendant Jose Ricardo Lerma Sinisterra's ("Defendant") Motion to Dismiss Indictment for Lack of Subject Matter Jurisdiction(s), ECF No. [78] ("Motion"). Plaintiff United States of America ("Government") filed a Response in Opposition, ECF No. [80] ("Response"), to which Defendant filed a Reply, ECF No. [81] ("Reply"). The Court has considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons stated below, Defendant's Motion is denied.

## I.    BACKGROUND

According to the Criminal Complaint, on or about June 16, 2019, a Marine Patrol Aircraft ("MPA") located a self-propelled semi-submersible ("SPSS") vessel in international waters approximately 118 nautical miles northeast of Isla de Malpelo, Columbia. *See* ECF No. [1] ("Criminal Complaint"). The United States Coast Guard Cutter ("USCGC") *Mohawk* investigated the vessel. *See id.* at 4. *Mohawk* requested and was granted a Statement of No Objection to conduct a Right to Visit. *See id.*

Defendant, along with Edilberto Garcia Ibarbo ("Ibarbo"), Juan Carlos Silva Riascos ("Riascos"), and Victor Gustavo Gonzalez Sosa ("Sosa") (collectively, "Defendants"), were onboard the vessel. *See id.* Ibarbo identified himself as the master of the vessel and declined to make a claim for nationality for the vessel. *See id.* Accordingly, the vessel was treated as a stateless vessel and subject to the jurisdiction of the United States. A full law enforcement boarding ensued, and law enforcement officials found forty-one (41) bales of cocaine. *See id.*

The Government filed a Criminal Complaint in this case on June 24, 2019, finding probable cause to charge Defendants with conspiracy to possess with intent to distribute a controlled substance while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b), and conspiracy to operate a semi-submersible vessel without nationality, in violation of 18 U.S.C. § 2285. *See* ECF No. [1]. Defendants appeared for their initial appearances before Magistrate Judge Lisette M. Reid on June 25, 2019. *See* ECF Nos. [2], [3], [4], [5].

On June 27, 2019, a grand jury sitting in the Southern District of Florida returned a four-count Indictment against Defendants charging them with conspiracy to possess with intent to distribute a controlled substance while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(b) ("Count I"); possession with intent to distribute a controlled substance while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2 ("Count II"); conspiracy to operate, by any means, and embark on any semi-submersible vessel that is without nationality and that is navigating and has navigated into, through, and from waters beyond the outer limit of the territorial sea of a single country and a lateral limit of that country's territorial sea with an adjacent country, with the intent to evade detection, in violation of 18 U.S.C. § 2285(a)-(b) ("Count III"); and operation, by any means, and embarkation on any semi-submersible vessel that is without

nationality and that is navigating and has navigated into, through, and from waters beyond the outer limit of the territorial sea of a single country and a lateral limit of that country's territorial sea with an adjacent country, with the intent to evade detection, in violation of 18 U.S.C. § 2285(a)-(b) and 18 U.S.C. § 2 ("Count IV"). *See* ECF No. [7] ("Indictment").

Defendants each entered guilty pleas in this case. *See* ECF Nos. [28], [31], [34], [37]. In Defendant's Stipulated Factual Proffer, Defendant conceded that "there is enough of a factual basis for the Court to make a finding that the vessel in this case was a vessel without nationality and, thus, pursuant to Title 46, United States Code, Section 70502(c), is a vessel subject to the jurisdiction of the United States." ECF No. [32] at 2. On November 26, 2019, the Court entered a Judgment against each Defendant. *See* ECF Nos. [61], [62], [63], [64]. On January 24, 2020, the Court entered an Amended Judgment against Defendant due to a scrivener's error. *See* ECF No. [67].

Defendant now seeks to dismiss the Indictment pursuant to Fed. R. Crim. P. 18 and the Sixth Amendment of the United States Constitution, asserting that the Maritime Drug Law Enforcement Act ("MDLEA") is facially unconstitutional. *See* ECF No. [78] at 1. Defendant argues that the MDLEA impermissibly covers all drug trafficking activity, including drug trafficking without a nexus to the United States, and therefore exceeds Congress's authority under Article I, Section 8, Clause 10 ("Felonies Clause"). *See id.* at 3-5. Therefore, Defendant argues that the Court lacks subject matter jurisdiction and that the enforcement of the overly broad law violated his Due Process rights. *See id.* at 5.

The Government responds that Defendant's argument is unavailing because the Eleventh Circuit has repeatedly rejected challenges to the MDLEA's constitutionality. *See* ECF No. [80].

According to the Government, Eleventh Circuit precedent expressly upholds MDLEA prosecutions in cases involving vessels without nationality. *See id.* at 3.

## II.    DISCUSSION

Upon review, the Court determines that Defendant has failed to set forth the procedural basis for the relief that he seeks. As noted above, Defendant seeks to dismiss the Indictment "for lack of jurisdiction" pursuant to "Fed. R. Crim. P. Rule 18 (Venue), and the Sixth Amendment to the United States Constitution." ECF No. [78] at 1.

To the extent that the Court construes the Motion as a motion to dismiss the Indictment for lack of subject matter jurisdiction pursuant to Fed. R. Crim. P. 12(b)(2), the Court notes that a Rule 12(b)(2) motion must be made "while the case is pending." Fed. R. Crim. P. 12(b)(2). In this case, Defendant pleaded guilty. *See* ECF No. [31]. Defendant stipulated that the vessel was a vessel without nationality and, thus, subject to the jurisdiction of the United States. *See* ECF No. [32] at 2. The Court entered Judgment, and the time for direct appeal has passed. *See* ECF Nos. [63], [67]; *see also* Fed. R. App. P. 4(b). As such, the case is no longer pending. *See United States v. Clarke*, 150 F. App'x 969, 970 (11th Cir. 2005). In addition, the Court notes that because Defendant has already pleaded guilty, Defendant's reliance on Rule 12(b)(2) to dismiss the Indictment is unavailing. *See United States v. Searcy*, 278 F. App'x 979, 982 n.3 (11th Cir. 2008) ("[T]here is no general right, other than on collateral attack, to challenge a conviction or indictment after the defendant pleads guilty.") (quoting *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999)).

To the extent that the Court construes the Motion as a motion to dismiss the Indictment for improper venue, the Court notes that generally, a motion to dismiss an indictment for improper venue is governed by Fed. R. Crim. P. 12(b)(3) ("The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the

motion can be determined without a trial on the merits: . . . improper venue[.]"). Further, "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). "Except upon a showing of good cause, a defendant waives any Rule 12(b)(3) defense, objection, or request not raised by the district court's pretrial motion deadline or other extension provided by the district court." *Searcy*, 278 F. App'x at 981.

Thus, to the extent that the Court construes the Motion as a motion to dismiss the Indictment for improper venue pursuant to Fed. R. Crim. P. 12(b)(3), the Court notes that the motion should have been filed as a pretrial motion given that "the basis for the motion [was] reasonably available and the motion [could have been] be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). Defendant failed to file his Motion until after he entered his guilty plea and after the Court entered Judgment. Defendant has also failed to set forth good cause for the Court to consider the untimely Motion. *See generally* ECF No. [78]. Furthermore, the Court reiterates that the Eleventh Circuit stated that "a *pro se* petitioner's attempt to nullify his conviction through a motion to dismiss the indictment on procedural grounds" should be rejected once the defendant has pleaded guilty. *See Searcy*, 278 F. App'x at 982 n.3. As such, because Defendant has already pleaded guilty, Defendant's reliance on Rule 12(b)(3) to dismiss his Indictment is unavailing.

The Court further notes that the proper procedural vehicle to seek relief for the Court's purported lack of subject matter jurisdiction would be a § 2255(a) motion. A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or

is otherwise subject to collateral attack. . . ." 28 U.S.C. § 2255(a). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted). Given that Defendant does not seek to vacate, set aside, or otherwise correct the sentence pursuant to § 2255 in his Motion, the Court does not proceed further.[1]

### III.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [78]**, is **DENIED**.[2]

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 24, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[1] As a final matter, the Court notes that the deadline for a § 2255 motion appears to have passed. *See* 28 U.S.C. § 2255(f).

[2] Given the Court's determination, the Court also denies Defendant's request for a hearing, jurisdictional discovery, and appointment of counsel in his Reply. *See* ECF No. [81] at 4-5.